FILED

MAR 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE ERECTION COMPANY, INC., a
Washington corporation,

Plaintiff - Appellant,

v.

W&W STEEL, LLC, a Delaware limited
liability company,

Defendant - Appellee.

No. 11-35949

D.C. No. 3:11-cv-00805-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Argued and Submitted March 7, 2013
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

   The Erection Company (TEC) appeals the district court's denial of its

petition to compel arbitration and grant of W&W Steel's (W&W) motion for

partial summary judgment. The Federal Arbitration Act authorizes an appeal from

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

an order denying a petition to compel arbitration, 9 U.S.C. § 16(a)(1)(C), and the district court certified its partial summary judgment as a final judgment, *see* Fed. R. Civ. P. 54(b).  We therefore have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  TEC's argument that the parties entered into a contract which contained an arbitration clause fails. W&W unequivocally expressed in its January 28, 2011, Letter of Intent that it intended to be bound only when a written subcontract was signed by both parties.  No such written subcontract was ever signed by both parties.  Nonetheless, TEC argues that the parties entered into a binding contract through their email communications on April 6, 2011.  There was no contract formed on April 6, 2011 because there was no meeting of the minds on a set of terms.  *See Phillips v. Johnson*, 514 P.2d 1337, 1343 (Or. 1973) ( "[B]efore there can be a valid contract there must be a meeting of the minds as to all of its terms. . . .").  Because the parties did not enter into a contract which provided for disputes to be resolved through arbitration, the district court did not err in denying TEC's petition to compel arbitration.

2.  TEC has not raised a triable issue of material fact as to whether the parties formed a contract through their words and conduct prior to the April 6,

2

2011 negotiations.  The district court therefore did not err in granting summary judgment to W&W on TEC's breach of contract claim.

**AFFIRMED.**